IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILAD SOBHI GAMIL HINEIN,

    Petitioner,

v.

KRISTI NOEM, Secretary, Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA YBARRA, Director of the El Paso Field Office, U.S. Immigration and Customs Enforcement; and Warden of the Torrance County Detention Center,

    Respondents.

Case No. 1:26-cv-00366-MIS-DLM

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Milad Sobhi Gamil Hinein's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 2, filed February 11, 2026. Respondents Kristi Noem, Pamela Bondi, Todd M. Lyons, and Mary De Anda-Ybarra ("Federal Respondents"),[1] filed a Response on February 25, 2026, ECF No. 8.

Counsel for Respondents acknowledges the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026), Resp. at 2, ECF No. 8, and that "this Court's decision in Duhan v. Noem, would control the

---

[1]     Respondent Warden of Torrance County Detention Center did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

result here if the Court adheres to that decision as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention," id. at 3. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-3.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 8. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Milad Sobhi Gamil Hinein's Verified Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL NOT** impose any new condition of release;

5. Counsel for Federal Respondents **SHALL** provide a copy of this order to Counsel for the Warden of the Torrance County Detention Center;

6. Respondents **SHALL** file a Notice of Compliance with this Order; and

7. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

                                              **MARGARET STRICKLAND**
                                              UNITED STATES DISTRICT JUDGE